UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARRICK JENNINGS, | CASE NO. C05-0868-RSL-MAT |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| C/O DAVIS, et al., | |
| Defendants. | |

Plaintiff is proceeding *pro se* and *in forma pauperis* in this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges in his complaint that he was assaulted by various corrections officers while he was incarcerated in the King County Correctional Facility, and was subsequently denied adequate medical attention. (Dkt. #4 at 3). Plaintiff originally named as defendants in this action the King County Department of Detention ("the County") and five corrections officers. (*Id.*) On May 20, 2005, the Court issued an Order granting plaintiff leave to amend his complaint because he had failed to allege that his rights had been violated as a result of a "custom or policy" of the County. (Dkt. #5 at 2). Plaintiff filed an amended complaint on June 7, 2005, but did not cure the deficiency in the original complaint. (Dkt. #7). Consequently, the Court dismissed plaintiff's claim against the County on June 10, 2005. (Dkt. #8 at 2).

On June 20, 2005, plaintiff sent the Court a letter in which he claims that he received an incomplete copy of the Court's Order of May 20, 2005, and thus was unable to properly amend

ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION
PAGE -1

01 his complaint. (Dkt. #9). Plaintiff argues that the County should be reinstated as a defendant
02 because his rights were violated by corrections officers who work for the County. (Dkt. #9 at 2).
03 Having reviewed the letter, the Court does hereby find and ORDER as follows:

04 (1) Because plaintiff seeks in his letter to reinstate the County as a defendant, the Court
05 construes the letter as a motion for reconsideration of the Court's Order of June 10, 2005. So
06 construed, the motion is DENIED. Plaintiff does not point out any manifest error in the prior
07 ruling, nor does he present any new facts or legal authority. *See* Local Rule CR 7(h). As the
08 Court previously advised plaintiff, an employer such as the County may not be held liable merely
09 because its employees may have violated plaintiff's constitutional rights. Rather, in order to sue
10 the County, plaintiff must allege facts showing that any constitutional deprivation he suffered was
11 the result of a "custom or policy" of the County. *See Board of County Comm'rs v. Brown,* 117
12 S. Ct. 1382, 1388 (1997). Because he failed to so allege, the Court properly dismissed the County
13 as a defendant in this matter.

14 (2) The Clerk is directed to send a copy of this Order to plaintiff and to United States
15 Magistrate Judge Mary Alice Theiler.

16 DATED this 1st day of July, 2005.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

Recommended for Entry this
 30th  day of June, 2005.

s/ Mary Alice Theiler
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION
PAGE -2